# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE GENE RUFF,<br><br>        Plaintiff,<br><br>    v.<br><br>DUNCAN et. al.,<br><br>        Defendants._____ / | CV F   04 5721 OWW SMS P<br><br>ORDER DISMISSING AMENDED COMPLAINT (Doc. 8.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Willie Gene Ruff ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on May 17, 2004. On March 21, 2005, Plaintiff filed an Amended Complaint. Plaintiff names W.A. Duncan, Deputy Director of California Department of Corrections, A.K. Scribner, Warden, California State Prison - Corcoran, Anthony LaMarque, Warden, California State Prison - Salinas, Edward J. Caden, Chief Deputy Warden - Salinas, D.D. Sheppard-Brooks, Chief Deputy Warden - Salinas, V. Yammoto, Graves, Chief Deputy Warden - Corcoran, R.R. Lowden, D. Jemison; Galloway and N. Grannis, Chief of Inmate Appeals, as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that he has scarring in his right lung and that this requires that he not be exposed to Environmental Tobacco Smoke ("ETS"). Plaintiff arrived at Salinas Valley State Prison on May 28, 1996, and was shortly thereafter issued a medical chrono which indicated the need for a nonsmoking cellmate.

On May 29, 2002, Correctional Officer Galloway announced to all inmates who did not have a cellmate that they were to find one by the next morning. Galloway made it clear that he was making this announcement on behalf of his supervisor, D. Jemison. Pursuant to a Department of Corrections "underground" double-cell housing policy authored by D. Tristan and W. A. Duncan, Plaintiff was forced to double-cell with inmates who smoked from June 2002 to April 2003, under the threat that he would be placed in ad-seg if he refused. Plaintiff alleges that this requirement violated his Eighth Amendment rights.

Plaintiff was transferred to California State Prison - Corcoran and when he arrived was advised of the double cell policy and celled with inmate Foster. Plaintiff informed the Medical Technical Assistant of his condition. Plaintiff was advised, however, by custody staff that he was

to double-cell with whomever was selected by the staff. Plaintiff states that he proceeded to challenge the policy by way of inmate appeals and was informed that his "housing placement is not under the jurisdiction of the physician." Plaintiff states that Defendant Yamamoto, conducted the second level of review which was denied. The Director's level of review was conducted by N. Grannis and also denied. Plaintiff states he submitted correspondence to A.K. Scriber, regarding the issue and the double-cell policy. Despite this correspondence, however, Plaintiff continued to be double-celled with inmates who smoked. Plaintiff then filed an inmate appeal against Defendant R.R. Lowden, for endorsing a cell move which forced Plaintiff to again cell with another inmate who smoked. Plaintiff also appealed the issue again and Defendant D. D. Sheppard-Brooks, denied the second level appeal stating "you have not submitted any medical chronos or documentation supporting your claim of an existing medical condition requiring a restriction on double-celling." Defendant Grannis again affirmed the denial. Plaintiff is seeking injunctive relief and monetary damages.

**C. CLAIMS FOR RELIEF**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   *1. Inmate Appeals*

   Prisoners have no constitutional right to an inmate grievance system. Olim v.

Wakinekona, 461 U.S. 238, 249 (1983).  Thus, the non-existence of, or the failure of prison officials to properly implement an administrative appeals process within the prison system does not raise constitutional concerns.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley, 997 F.2d at 495 (*citing* Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).  Specifically, failure to process a grievance does not state a constitutional violation.  Buckley, 997 F.2d at 495.  Thus, a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  Buckley, 997 F.2d at 495.  It is not clear whether or not plaintiff is attempting to state a claim for relief based on defendants' denial of his inmate appeals.  Plaintiff is informed that the denial of his inmate appeals, alone, does not give rise to a cognizable claim for relief under section 1983.

### *2. Eighth Amendment Claim*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Exposure to levels of environmental tobacco smoke ("ETS") that pose an unreasonable risk of serious damage to a prisoner's future health may state a cause of action under the Eighth Amendment where prison officials acted with deliberate indifference.  Helling v. McKinney, 509 U.S. 25, 35 (1993).

In this case, Plaintiff contends that all of the Defendants were deliberately indifferent to his medical needs because he was exposed to second hand smoke and when he challenged the policy, his appeals were denied.  However, the mere involvement with the processing of

Plaintiff's inmate appeals and his disagreement with the outcome does not state a claim for relief under Section 1983. All of Plaintiff's allegations concern the denial of Plaintiff's inmate appeals. As such, the Compliant itself does not allege sufficient facts to give rise to an Eighth Amendment violation for exposure to second hand smoke.

Finally, almost all of the Defendants named are supervisors. However, supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To show a prima facie case of supervisory liability, Plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)(*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff will be provided with the opportunity to file a Second Amended Complaint. Plaintiff is cautioned to carefully review the applicable legal standards provided by the Court in this Order. Plaintiff is further cautioned that, if, in his Second Amended Complaint, he fails to link each named Defendant to some affirmative act or omission that allegedly violated his constitutional rights, the Court will recommend that the Defendants who have not been linked to an act or omission be dismissed from this action. Finally, Plaintiff is informed that he may not rely on a conclusory allegation that a particular Defendant violated his constitutional rights. Although Rule 8(a) requires that a complaint or amended complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiff must allege some

5

1  facts in support of his allegations that his rights were violated.  Fed. R. Civ. Pro. 8(a).

**D.  CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Second Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The Second Amended Complaint must specifically state how each Defendant is involved.  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File a Second Amended Complaint curing the deficiencies identified by

1 the Court in this Order, or

2    b. Notify the Court in writing that he does not wish to file an Second

3 Amended Complaint and pursue the action but instead wishes to voluntary

4 dismiss the case.

5  Plaintiff is forewarned that his failure to comply with this Order may result in a

6 Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

7 IT IS SO ORDERED.

8 **Dated: May 23, 2006**      **/s/ Sandra M. Snyder**
icido3           UNITED STATES MAGISTRATE JUDGE